V. ANDREW CASS
Nevada Bar No. 005246
PRISCILLA L. O'BRIANT
Nevada Bar No. 010171
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
e-mail: cass@lbbslaw.com
Attorneys for American General Life
Insurance Company of Delaware formerly
known as AIG Life Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| American General Life Insurance Company of Delaware, formerly known as AIG Life Insurance Company,<br><br>                   Plaintiff,<br><br>vs.<br><br>Leovigildo Emanuel Elena-Martinez, a minor; Michael David Elena-Martinez, a minor; Yesica and Rodrigo Higuera, individually and as guardians of the minor children Leovigildo Elena-Martinez and Michael Elena-Martinez; Doe Individuals I-X; and ROE Corporations I-X.<br><br>                   Defendants. | CASE NO. 2:12-CV-02026- LRH-VCF<br><br>**MOTION TO FILE UNDER SEAL EXHIBIT A TO STIPULATION FOR DEPOSIT OF FUNDS INTO BLOCKED ACCOUNT AND DISCHARGE OF LIABILITY** |

      Plaintiff American General Life Insurance Company of Delaware (AGLIC), by its attorneys of record, LEWIS BRISBOIS BISGAARD & SMITH, respectfully petitions this Court for an Order pursuant to LR-10-5(b) permitting the parties to file under seal Exhibit "A" to the Stipulation for Deposit of Funds Into Blocked Account and Discharge Of Liability.

      This Petition is based upon the pleadings and papers on file with this Court and the following Memorandum of Points and Authorities.

/ / /

/ / /

/ / /

4851-3937-3075.1                                                                                         2:10-cv-01434-MMD-RJJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

AGLIC issued a Group Accident Insurance policy to Marriott International, Inc., which included accident death benefits for its employees. After the death of Juana Toledo, a Marriott employee, Yesica Higuera asserted claims on behalf of Leovigildo Elena-Martinez and Michael Elena-Martinez. As Juana Toledo was not married, any children are her beneficiaries under the Policy. AGLIC requested copies of the birth certificates of Leovigildo Elena-Martinez and Michael Elena-Martinez to establish that they were the children of Juana Toledo but these were not provided. AGLIC also requested copy of the Guardianship of Property or the Letters of Conservatorship for the Estate of Leovigildo and Michael - these documents were necessary before AGLIC could pay the monies to Yesica Higuera as absent such documentation, AGLIC would be exposed to double or multiple liability should Michael and/or Leovigildo submit claims upon reaching the age of majority.

AGLIC has now received copies of the birth certificates of Leovigildo Elena-Martinez and Michael Elena-Martinez, documenting that they are the children of Juana Toledo. The parties have also agreed that the policy benefits should be paid into a blocked trust account for each of the minor children. The parties' stipulation is filed concurrently herewith. The birth certificates of Leovigildo Elena-Martinez and Michael Elena-Martinez are attached as an exhibit to the stipulation to allow the Court to find that they are the children of Juana Toledo. However, Defendants prefer that the birth certificates are not made part of the public record.

## II.

## LEGAL ANALYSIS

LR 10-5(b) requires that papers filed with this Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures, giving directions as to how that process shall be accomplished. The rule further provides that all papers filed under seal will remain sealed until such time as the

/ / /

1  Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed
2  pursuant to Local Rule. *See id.* Documents filed under seal are not accessible to the public.
3        Under the circumstances of this case, even under the standards announced in *Kamakana v.*
4  *City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), there is no compelling
5  reason why the birth certificates of Leovigildo Elena-Martinez and Michael Elena-Martinez should
6  be made public. In *Kamakana,* the Ninth Circuit recognized that, historically, courts have
7  recognized a general right to inspect and copy public records and documents, including judicial
8  records and documents. Nonetheless, the *Kamakana* court also recognized that access to judicial
9  records was not absolute. The *Kamakana* court also wrote that resolution of a dispute on the merits
10 was at the heart of the interest in ensuring the "public's understanding of the judicial process and of
11 significant public events." Only if the documents to be sealed are attached to dispositive motions
12 need the party seeking the order meet the high threshold of showing that "compelling reasons"
13 support secrecy.
14       The document to which this petition is directed does not involve a dispositive motion under
15 Rule 12. Although the stipulation and order will result in disposition of this matter, making the
16 birth certificates part of the public record will not aid the public in understanding the judicial
17 process, nor is the context of these documents, the payment of policy benefits under an insurance
18 policy, a significant public event. The public has no need of the information which the birth
19 certificates contain. In fact, public knowledge of the private information of Defendants contained
20 therein could negatively impact Defendants and is against the public interest. The public interest
21 will best be served by ensuring that the information contained in the birth certificates remains
22 private.
23
24 ## **CONCLUSION**
25       As shown herein, good cause exists to warrant an Order from this Court pursuant to LR 10-
26 5(b) which will permit the parties to file under seal Exhibit "A" to the Stipulation for Deposit of
27 Funds Into Blocked Account and Discharge Of Liability; Order Thereon.
28 / / /

1     WHEREFORE, Defendants respectfully request entry of the following orders:

2     1. An order granting the parties leave to file Exhibit "A" to the Stipulation for Deposit of
3 Funds Into Blocked Account and Discharge Of Liability; Order Thereon under seal;

4     2. Such Orders and further relief as this Court may deem necessary and proper in the
5 circumstances of this case.

6     DATED this 18th day of September, 2013.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By   /s/ Priscilla L. O'Briant
V. ANDREW CASS
Nevada Bar No. 005246
PRISCILLA L. O'BRIANT
Nevada Bar No. 10171
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Plaintiff

**IT IS SO ORDERED**.

Dated: October 2, 2013

UNITED STATES ~~DISTRICT COURT~~ JUDGE
Magistrate

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP and that on this 18th day of September, 2013, I did cause a true copy of the foregoing **MOTION TO FILE UNDER SEAL EXHIBIT A TO STIPULATION FOR DEPOSIT OF FUNDS INTO BLOCKED ACCOUNT AND DISCHARGE OF LIABILITY** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Mail Notice List.

By: /s/ Priscilla L. O'Briant
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP